813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert J. TURNER and Ellen Turner, Appellants,
and
Maryland Casualty Company, Plaintiff,
v.
Monte BYERS, Defendant,
and
Smalis, Inc., Appellee,
v.
ERIEZ MANUFACTURING COMPANY, Third-Party Defendant.
 No. 86-3020.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 6, 1986.
Decided Nov. 26, 1986.
 
 Before RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Robert J. Weltchek (Bertram M. Goldstein, Goldstein, Weltchek & Associates on brief) for appellant, Benjamin R. Goertemiller (James F. Mewborn, Semmes, Bowen & Semmes on brief) for appellee.
 PER CURIAM:
 
 
 1
 Robert J. Turner appeals the summary judgment granted to Smalis, Inc., in his products liability action against it. On February 25, 1980, Turner, a maintenance mechanic at a slag processing plant in Sparrows Point, Maryland, lost an arm while servicing a device for sorting slag. On June 9, 1983, he filed this diversity action against Smalis, a corporation headquartered in New Stanton, Pennsylvania, which makes and sells the device. The magistrate determined that Maryland's statute of limitations precludes Turner's action.[1] The district court adopted the magistrate's report and granted Smalis summary judgment. We affirm.
 
 
 2
 On appeal, Turner asserts that because Smalis has not registered to do business in Maryland, the company cannot raise the statute as a defense. In Maryland, a foreign corporation, such as Smalis, must register with the State Department of Assessments and Taxation "before doing any interstate or foreign business in this State." Md. Corps. and Assoc. Code Ann. Sec. 7-202 (1985 Repl.Vol.). An unregistered foreign corporation "doing interstate or foreign business" in Maryland "may not benefit from any statute of limitations in an action at law or suit in equity." Md.Cts. and Judic. Proc. Code Ann. Sec. 5-204 (1984 Repl.Vol.). Smalis, however, claims that it has not been "doing business" in Maryland within the meaning of Sec. 7-202 and, moreover, that Sec. 5-204--even if applicable--places an unconstitutional burden upon interstate commerce.
 
 
 3
 The magistrate and the district court properly held that Smalis's business activities in Maryland were insufficient to require registration. See S.A.S. Personnel Consultants, Inc. v. Pat-Pan, Inc., 286 Md. 335, 407 A.2d 1139, 1142 (1979); see also G.E.M., Inc. v. Plough, Inc., 228 Md. 484, 486-89, 180 A.2d 478, 480-81 (1962). Therefore, Sec. 5-204's sanction for failing to register cannot be invoked. Because Sec. 5-204 is inapplicable to Smalis, we need not reach the question of that statute's constitutionality.
 
 
 4
 For reasons adequately stated by the magistrate and the district court, we affirm the judgment of the district court. See Turner v. Smalis, Inc., 622 F.Supp. 248 (D.Md.1985).
 
 
 
 [1]
 The magistrate found that under Maryland law Turner had a total of three years and two months in which to file his claim. See Smith v. Bethlehem Steel Corp., 303 Md. 213, 492 A.2d 1286 (1985). Turner brought this action more than three years and three months after he was injured